IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01472-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

### ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

    Plaintiff, Timothy Doyle Young, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at ADX in Florence, Colorado.  On October 4, 2012, Mr. Young, acting *pro se*, initiated this action by filing a habeas petition in the United States District Court for the Northern District of California (Northern District of California).  The habeas petition sets forth conditions of confinement claims that allege violations of Plaintiff's civil rights.  In an order entered on June 7, 2013, the Northern District of California construed the filings as a prisoner complaint and transferred the action to this Court pursuant to 28 U.S.C. § 1406(a).

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this Order. Plaintiff will be directed to cure the following if he wishes to pursue his claims in this

Court in this action. Any papers that Plaintiff files in response to this Order must include the civil action number noted above in the caption of this Order.

To the extent that Plaintiff is asserting he is unable to obtain a certified copy of his trust fund account statement, in *Young v. Wiley*, No. 07-cv-02240-BNB (D. Colo. Apr. 10, 2008), the BOP stated that if Plaintiff needs a certified account statement to provide to the Court he may make a photocopy of the statement or request that a member of the Unit Team make a copy for him. *See Young*, No. 07-cv-02240-BNB, Doc. No. 9 at 3. Nonetheless, in this action, Plaintiff does not specifically state he has requested a trust fund account statement and was denied the statement.

As the Court found in Case No. 07-cv-02240, Plaintiff's disagreement with or desire not to follow BOP procedures does not merit the Court waiving the requirement that he must provide a certified copy of his trust fund account statement to the Court. If Plaintiff fails to comply with the instant Order and insists on objecting to the Court's requirements the Complaint and action will be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is not submitted (Must use Court-approved form revised 10-1-12)
(2)   __    is missing affidavit
(3)   X     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   __    is missing certificate showing current balance in prison account
(5)   X     is missing authorization to calculate and disburse filing fee payments
(6)   __    is missing an original signature by the prisoner
(7)   __    other:

**Complaint, Petition or Application**:
(8)    __    is not submitted
(9)    X     is not on proper form (must use the Court's current form)
(10)   __    is missing an original signature by the prisoner
(11)   __    is missing page nos. __

(12) ___ uses et al. instead of listing all parties in caption
(13) ___ names in caption do not match names in text
(14) ___ other:

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days** from the date of this Order. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that the Plaintiff shall obtain the Court-approved Prisoner Complaint form and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the complaint and the action will be dismissed without further notice.

DATED: June 10, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge